# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| BRISTOL G.A. HARRIS, ) | |
| ROBIN A. HARRIS, ) | Bankruptcy No. 15-00047 |
| ) | |
| Debtors. ) | |

## ORDER RE: VALUATION OF REAL PROPERTY

This matter comes before the Court on an objection to confirmation of Debtors' Chapter 13 plan by Creditor, University of Iowa Community Cred Union (the "Credit Union"). The Credit Union objects to the value of Debtors' home that is collateral for the Credit Union's loan to Debtors. The Court held a valuation hearing on July 1, 2015. Derek Hong appeared for Debtors. Crystal Raiber appeared for the Credit Union. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## STATEMENT OF THE CASE

The Credit Union objected to Debtors' Plan, arguing that its collateral—real estate located at 905 Circle Drive in Wellman, Iowa (the "Property")—was valued too low. Debtors' plan seeks to pay the Credit Union based on the $90,000 valuation listed in their bankruptcy schedules. The Credit Union argues that it should be paid based on its value of $108,000. Both parties presented appraisals and appraiser testimony at the valuation hearing. After considering all of the

evidence presented, the Court finds that the Property's value is $98,617.30 for purposes of plan confirmation.

## FINDINGS OF FACT

Debtors filed their Chapter 13 bankruptcy petition and plan on January 15, 2015.  Debtors proposed to cure the default on the Property and make regular payments to the Credit Union for the remaining debt.  They also claimed the Property as an exempt homestead on Schedule C.  They valued the Property at $90,000.

On the date of the bankruptcy filing, Debtors owed the Credit Union $121,460 plus interest.  The Credit Union requested Relief from Stay, and objected to Debtors' claim of a homestead exemption.  The Court denied relief from the stay.  The Court disallowed the homestead exemption only to the extent of the secured debt to the Credit Union.  Doc. 36.

The Credit Union also objected to confirmation of Debtors' Chapter 13 plan. The Credit Union has argued the Property is worth far more than the $90,000 Debtors' propose in their Plan.  The Credit Union argues the Property is worth at least $108,000.  Therefore, it also argues it is entitled to greater payments under the Plan.

The Court held a final evidentiary hearing on the value of the Property on July 1, 2015.  Margaret Coleman testified as Debtors' appraiser.  She did her

2

appraisal on June 23, 2015. She used the Sales Comparison Approach to reach a total value of $90,000.

All of the comparable properties she used for the sales comparison were located in Wellman, Iowa. Comparable 1's sales price was $105,000; Comparable 2's sales price was $100,000; Comparable 3's sales price was $100,000; and Comparable 4's sales price was $74,500. Ms. Coleman made adjustments to the sale values for each property to account for differences from Debtors' property. After adjustments, Ms. Coleman's comparison values were $96,250; $89,720; $91,830; and $79,050 respectively.

She noted several problems with Debtors' Property that also required adjustments to its value. These problems included some delayed maintenance issues. In particular, Ms. Coleman noted some foundation settlement, and leaking water and dampness in the basement. She observed standing water in the basement during her visit. Ms. Coleman decreased the Property's value by $5,000 because of what she perceived as significant water problems and foundation problems. She rated the property as "Average" while the comparable properties were rated as "Average/Good." This difference in rating decreased the value of each comparable property by another $5,000. Her ultimate conclusion was that Debtors' property was worth $90,000.

Heather Richie testified as the Credit Union's appraiser. She conducted the appraisal on April 3, 2015. Like Ms. Coleman, Ms. Richie also used the Sales Comparison Approach and reached a value of $108,000.

All of Ms. Richie's comparable properties were also sold and located in Wellman, Iowa. One of the properties she used was also used in Ms. Coleman's report. Ms. Richie provided her valuation opinions for each comparable. Comparable 1's sales price was $100,000; Comparable 2's sales price was $124,900; Comparable 3's sales price was $105,000; and Comparable 4's sales price was $124,900. After making her adjustments to bring the comparables in line with Debtors' home, she concluded the comparable values were $102,600; $120,600; $100,500; and $110,804; respectively.

Ms. Richie also noticed the settlement and leakage problems in Debtors' basement, but she did not observe standing water. She decreased the value of each comparable by $1,500 to cover for that problem. She rated Debtors' Property as average. Ms. Richie also considered three of the four comparables average, with Comparable 4 slightly above average.

## CONCLUSIONS OF LAW AND ANALYSIS

The valuation of the Property will determine the Credit Union's rights in Debtors' Plan. A property valuation is a "question of fact" that is determined by the bankruptcy court. In re Robertson, 135 B.R. 350, 351 (Bankr. E.D. Ark. 1992).

4

"There is no clear-cut formula or benchmark for valuing creditor's collateral; valuation depends on facts and evidence presented in each particular case." Id.

"[T]he Court is to determine valuation based upon the context in which the valuation is occurring." Roach v. The Bank of Missouri (In re Roach), Bankr. No. 08-20667-DRD-13, Adv. No. 09-2051, 2010 WL 234959, at *3 (Bankr. W.D. Mo. 2010); see also 11 U.S.C. § 506(a) (2014) ("Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest."). In plan confirmation, the value is generally determined based on the plan confirmation date. See In re Roach, 2010 WL 234959, at *3 (citing cases).

A valid proof of claim is prima facie evidence of the validity of a claim. Id. The debtor therefore bears the burden of contesting that validity. In re Robertson, 135 B.R. at 351. If the debtor carries that burden, then the burden then switches to the creditor to show "the extent of its lien and the value of the collateral securing its claim." Id.

Debtors plan to retain and use the Property as their home. The Court finds that the valuation offered by Debtors is slightly low while the valuation offered by the Credit Union is slightly high. The proper value is somewhere in between. The following reasoning supports this conclusion.

Each of the appraisals contained a "comparable" that the Court finds should be excluded from the analysis. The Credit Union used a comparable property that was worth considerably more than the Debtors' Property. Credit Union's Comparable 2 has a lot that is almost twice the size of Debtors' Property and includes more interior square footage. Although the Credit Union's appraiser purported to adjust for this discrepancy, it still skewed the outcome of the appraisal.

Debtors' appraiser used a comparable property that was worth considerably less than Debtors' Property. Debtors' Comparable 4 has less total square footage and less interior square footage. Comparable 4 does not have a basement, which affected the valuation as well. Again, although Debtors' appraiser purported to adjust for the discrepancy, including this property in her analysis still skewed the appraiser's valuation.

If the Court removes these outlier properties, the comparable properties would now include the following valuations (after the appraisers' adjustments): $89,720; $91,830; $96,250; $100,500; $102,600; and $110,804. The average of these amounts is $98,617.30. The Court finds, after considering all of the evidence and arguments, that $98,617.30 is the appropriate valuation of the Property. The Court also believes this valuation—being slightly closer to Debtors' appraised value; more properly reflects the water damage adjustment for Debtors' basement.

It is also worth noting that Debtors' appraisal occurred closer in time to the valuation hearing.

For all these reasons, the Court concludes the Property is worth $98,617.30 for purposes of plan confirmation. A confirmation hearing will be reset by separate order.

Dated and Entered:

August 4, 2015

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE